FILED'10 OCT 18 11:17 USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

THOMAS AHLGREN,

        Plaintiff,

    v.

PHILLIPS & COHEN ASSOCIATED, LTD., a New Jersey Limited Partnership, and PCA ACQUISITIONS V, LLC, a Delaware Limited Liability Company,

        Defendants.

NO.

**CV'10 1281 MO**

PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, THOMAS AHLGREN, by and through his counsel, ROBERT MITCHELL, and complains against the Defendants as follows:

## I. STATEMENT OF THE CASE

This case involves Defendants' violations of the Fair Debt Collection Practices Act, *inter alia*, by attempting to collect a debt which Defendants either knew or should have known was paid in full.

## II. PARTIES

2.1    Plaintiff, THOMAS AHLGREN, (hereinafter "Mr. Ahlgren" or "Plaintiff") is a resident of Portland, Oregon.

2.2    Mr. Ahlgren obtained and used credit from JC Penny to purchase goods or services primarily for personal, household, or family purposes.

2.3    Mr. Ahlgren is therefore a "debtor" as defined by 15 U.S.C. §1692, et seq.

COMPLAINT                1              Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA 99201
(509) 327-2224    Fax (509) 327-3374

36543

2.4    Mr. Ahlgren was unable to promptly pay for the goods/services received on the JC Penny account.

2.5    JC Penny therefore assigned the account to Mann Bracken for collection.

2.6    On Sept. 23, 2009, Plaintiff settled the account with JC Penny, through Mann Bracken, with a payment of $266.97.

2.7    Thereafter, Defendant, PCA ACQUISITIONS V, LLC, somehow acquired the account.

2.8    Defendant, PCA ACQUISITIONS V, LLC, a Delaware Limited Liability Company, is a debt buyer and a business conducting business in Oregon pursuant to Delaware File Number 4592492.

2.9    Thereafter, Defendant forwarded the account to PHILLIPS & COHEN ASSOCIATED, LTD., for collections.

2.10    Defendant, PHILLIPS & COHEN ASSOCIATED, LTD., a New Jersey Limited Partnership, is a debt collector and a business conducting business in Oregon, under New Jersey File No. 0100711567.

2.11    Both Defendants made attempts to collect the debt at the heart of this litigation.

### III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in the United States District Court, District of Oregon, are appropriate where this dispute involves predominant issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiff occurred in this district, and where Plaintiff is a resident of this district, and where the Defendants conduct substantial business in this district, and where this case involves violations of federal statute. (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

COMPLAINT    2    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224    Fax (509) 327-3374

3.2    Defendants are liable unto Plaintiff pursuant to the provisions of the Fair Debt Collection Practice Act, 15 U.S.C. §1692, et. seq., as well as other applicable federal and state laws. Defendants are also liable unto Plaintiff pursuant to the laws of the State of Oregon, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367, et seq.

## IV. FACTS

4.1    Plaintiff obtained and used credit from JC Penny.

4.2    Plaintiff defaulted on the terms of the JC Penny credit.

4.3    JC Penny credit assigned the defaulted account to Mann Bracken for collections.

4.4    On behalf of JC Penny, Mann Bracken offered to settle the account in full in exchange for payment of $266.97.

4.5    On Sept. 23, 2009, Plaintiff accepted the offer and timely paid Mann Bracken $266.97 to settle the account in full.

4.6    Thereafter, Defendants somehow obtained the account.

4.7    Plaintiff believes and therefore avers that Defendants knew the account was settled.

4.8    Defendants either knew or should have known that the account was settled.

4.9    Nevertheless, in attempt to collect the invalid and erroneous debt from Plaintiff, on February 26, 2010, Defendants mailed Plaintiff a collection letter demanding payment of the erroneous and invalid debt.

4.10   Defendants' collection letter stated in pertinent part: "To resolve this matter and prevent any further collection activity...IT IS NOT IN YOUR BEST INTEREST TO NEGLECT THIS ACCOUNT!"

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

4.11    Plaintiff reasonably understood the language in Defendants' collection letter to be a threat of legal action if Plaintiff refused to pay the erroneous and invalid debt.

4.12    As a result, Plaintiff was forced to take time away from economically productive activities in order to put a stop to Defendants' threats and harassment.

4.13    Defendant's collection contacts also caused Plaintiff extreme frustration, embarrassment, anxiety and humiliation.

## V.    FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

(Application of the Statute)

5.1    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." (See 15 U.S.C. §1692a(3)).

5.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." (See 15 U.S.C. §1692a(5)).

5.4    Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (See 15 U.S.C. §1692a(6)).

5.5    Defendants are, without a doubt, "debt collectors" as defined by the FDCPA.

5.6    Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendants are "debt collectors" which attempted to collect a debt owed to a third party.

## VI.    FIRST CAUSE OF ACTION

Fair Debt Collection Practices Act Violation

(False, Deceptive, or Misleading Representations)

6.1    Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2    The Fair Debt Collection Practices Act (FDCPA) states in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

6.3    The act further states that the following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt...." 15 U.S.C. §1692e(2).

6.4    The act further states that the following conduct is a violation of section 1692e: "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5)

6.5    The act further states that the following conduct is a violation of section 1692e: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

6.6    In this case, Defendants mailed a deceptive collection letter to Plaintiff demanding payment of a debt which Defendants either knew or should have known was already paid in full. Plaintiff believes and therefore avers that Defendants knew that the debt

was already settled. Plaintiff reasonably believed the language in Defendants' collection letter to mean that Defendants intended to take legal action to enforce the erroneous and invalid debt.

6.7     Defendants therefore violated the statute by falsely representing the character, amount and legal status of the subject debt.

6.8     Defendants therefore violated the statute by threatening to take legal action which could not legally be taken.

6.9     Defendants therefore violated the statute by the use of false representations and deceptive means to attempt to collect the subject debt.

6.10    Plaintiff was injured by Defendants' actions.

6.11    Defendants' actions were a direct and proximate cause of Plaintiff's injuries and damages.

6.12    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.13    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VII.    SECOND CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

### (Unfair Practices)

7.1     Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2     The Fair Debt Collection Practices Act (FDCPA) states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

COMPLAINT                                6                    Robert Mitchell, Attorney at Law
                                                              901 N. Monroe, Suite 356
                                                              Spokane, WA  99201
                                                              (509) 327-2224    Fax (509) 327-3374

7.3    The act further states that it is an unfair act to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

7.4    In this case, Defendants mischaracterized the status of the debt and issued veiled threats of legal action in attempt to collect an amount of money that was not expressly authorized by the agreement creating the debt or permitted by law.

7.5    Defendants had no legal or contractual basis for such a threat or demand.

7.6    Defendants therefore violated the statute.

7.7    Plaintiff was injured by Defendants' actions.

7.8    Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

7.9    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.10   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VIII.  SECOND CAUSE OF ACTION

Oregon Revised Statute 646.608

(Unfair Trade Practice)

8.1    Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2    Oregon law states that it is an unfair trade practice/act for a person to engage in any unfair conduct in trade or commerce in the course of the person's business, vocation or occupation. ORS 646.608(1)(u).

COMPLAINT                                7                    Robert Mitchell, Attorney at Law
                                                              901 N. Monroe, Suite 356
                                                              Spokane, WA  99201
                                                              (509) 327-2224    Fax (509) 327-3374

<mark>8.3</mark>     In this case, Defendants threatened Plaintiff with collection and legal action in attempt to force Plaintiff into paying an invalid and erroneous debt that had already been settled.

8.4     Defendant made these contacts for the purpose of embarrassing, annoying, and humiliating Plaintiff into paying the erroneous and invalid debt.

8.5     Defendant's conduct is therefore an unfair act/practice in violation of Oregon Statute.

8.6     Plaintiff was injured by Defendant's actions.

8.7     Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

8.8     Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.9     Defendant's actions illustrate why an injunction should be issued to prevent further harm to Plaintiff.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

A.     For an Injunction preventing Defendant from ever again contacting Plaintiff for any reason whatsoever, pursuant to ORS 646.638(1);

B.     For an Injunction preventing Defendants from ever again attempting to collect the subject debt, pursuant to ORS 646.638(1);

C.     For an Injunction preventing Defendants from ever selling, transferring, or assigning, the subject debt to another collector, creditor, or debt buyer; pursuant to ORS 646.638(1);

D.     For Statutory Damages in the amount of $200, pursuant to ORS 646.638(1);

COMPLAINT     8     Robert Mitchell, Attorney at Law
                    901 N. Monroe, Suite 356
                    Spokane, WA 99201
                    (509) 327-2224     Fax (509) 327-3374

E.  For Statutory Damages in the amount of $1,000 pursuant to 15 U.S.C. §1692 et seq.;

F.  For Punitive Damages in an amount to be determined by the trier of fact at trial, pursuant to ORS 646.638(1);

G.  For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq. and ORS 646.638(3);

H.  For interest on the above amounts as authorized by law;

I.  For other relief as the Court deems just and equitable; and

J.  For leave to amend this complaint as needed and as required.

## X. REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7, Fed. R.Civ.Proc. 38.

DATED this 15th day of OCTOBER, 2010.

Respectfully submitted,

*[signature]*

ROBERT MITCHELL, WSBA #37444
Attorney for Plaintiff

COMPLAINT        9        Robert Mitchell, Attorney at Law
                          901 N. Monroe, Suite 356
                          Spokane, WA  99201
                          (509) 327-2224     Fax (509) 327-3374